**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN ALFORD,<br><br>               Petitioner-Appellant,<br><br>v.<br><br>DWIGHT NEVEN, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA,<br><br>               Respondents-Appellees. | No. 17-16358<br><br>D.C. No. 2:14-cv-00333-APG-NJK<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted February 13, 2019
San Francisco, California

Before: McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

On December 30, 2007, Brian Alford engaged in a fight with Jerome Castro at Castro's trailer home in Reno, Nevada. During the fight, Alford beat Castro with his gun, and a single shot was fired. The bullet grazed Castro's head, causing a fatal

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

head injury. Nevada charged Alford with first-degree murder and advanced both premeditated- and felony-murder theories at trial. The jury, in a general verdict, convicted Alford of first-degree murder. The Nevada Supreme Court held that sufficient evidence supported Alford's conviction. On federal habeas corpus, the district court agreed. We granted a Certificate of Appealability on the issue of whether the evidence at trial was sufficient to support Alford's first-degree murder conviction based on a felony-murder theory.

A conviction is supported by insufficient evidence when no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A court applying *Jackson* must resolve any conflicting testimony in favor of the prosecution. *Id*. at 326. Under the Anti-Terrorism and Effective Death Penalty Act, which governs this case, a federal court may overturn a state court decision rejecting a sufficiency of the evidence challenge "only if the state court decision was 'objectively unreasonable.'" *Coleman v. Johnson*, 566 U.S. 650, 651 (per curiam) (quoting *Cavazos v. Smith*, 565 U.S. 1, 4 (2011) (per curiam)).

The testimony at Alford's trial, taken in the light most favorable to the prosecution, revealed that after being closed out of Castro's house, Brian Alford spit on Castro and then "pushed in the door and started fighting with [Castro]." On the

2

basis of this evidence, a rational jury could conclude that Alford committed burglary under Nev. Rev. Stat. § 205.060, the felony underlying the state's felony-murder theory, by entering Castro's home with the intent to commit battery. The Nevada Supreme Court's decision that sufficient evidence supported Alford's conviction for first-degree murder was not objectively unreasonable.

**AFFIRMED.**